## THE MANUEL ARNUS.

### COMPANIA TRANSATLANTICA, ADMINISTRADA POR EL ESTADO, v. UNITED STATES et al.

#### No. 10819.

Circuit Court of Appeals, Fifth Circuit.

March 28, 1944.

William Logan, Jr., and Geo. Whitefield Betts, both of New York City, and H. C. Hughes, of Galveston, Tex., for appellant.

J. Frank Staley, Atty., Department of Justice, of Washington, D. C., Douglas W. McGregor, U. S. Atty., and W. F. Leigh, Asst. U. S. Atty., both of Houston, Tex., for the United States.

James L. Abney, of Houston, Tex., for appellee Todd-Galveston Dry Docks, Inc.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought by a Spanish Company, being administered by the Spanish State, against, and praying the arrest of, the Steamer Manuel Arnus, and against Todd-Galveston Dry Docks, Inc., and all persons intervening for their interest in the steamer, and praying that monition issue, the libel was for possession of the vessel and damages for its detention. Compassed about by a cloud of procedural difficulties both here and below, libellant has found the going hard.

Below, the United States, as owner and entitled to exclusive possession, appeared asserting the immunity of the vessel from seizure or other process. Here, it moves to dismiss the appeal because, the vessel having been delivered to it, there is no res in court to support the in rem jurisdiction.

In substance a libel in rem for the possession of a vessel purchased by the Government of the United States from the Government of Mexico, and placed by the United States in dry dock for a survey and estimates as to repairs, the maintenance of the libel was met by the special appearance of the United States to assert the jurisdictional plea that the vessel was immune from seizure, United States v. Jardine, 9 Cir., 81 F.2d 745, 746. Admitting that the United States was claiming ownership of the property by purchase from the Mexican Government, but denying that the Mexican Government had any title to convey, the matters raised on libel, appearances and affidavits were submitted on summary hearing.

The District Judge, on April 26, 1943, finding that the United States was claiming ownership of the vessel and was in possession of it, and that the vessel was, therefore, not subject to seizure, entered his decree ordering the libel dismissed for want of jurisdiction, that the arrest of the steam-

ship be vacated, and that the marshal release the vessel from his custody and deliver it to the United States. No supersedeas having been filed or other steps taken to supersede the judgment of dismissal and maintain the seizure, the marshal, as ordered, surrendered custody of and delivered the vessel to the United States, and not until July 1, 1943, more than sixty days after the vessel's release, did libellant apply for and obtain an appeal to this court.

Met with a motion to dismiss the appeal because the marshal, having properly abandoned custody of the res, neither the District Court nor this court now has such jurisdiction in rem as would support a decree awarding custody of the vessel, libellant, filing an affidavit to the effect that the vessel is still within the Southern District of Texas, and, therefore, within the territorial jurisdiction of the court, resists the motion. In addition, it insists that since the libel was not only in rem against the vessel but in personam against the Todd-Galveston Dry Docks, Inc., this court has jurisdiction and should proceed at least as against the Dry Docks Co. to determine appellant's title and right of possession.

■■■ We do not think so. As to the claim that jurisdiction in rem persists, it is quite clear that libellant allowed custody and, therefore, jurisdiction of the res to be surrendered and that it may not claim that the in rem jurisdiction persisted after such surrender.[1] It is equally plain that the claim that, under the in personam aspect of the libel, this court should determine appellant's right of possession as against the Dry Docks Co. will not at all do. The libel specifically declares that it is a suit in a cause of possession, and it plainly appears therefrom that the claim for damages was merely incidental to the claim of possession, the real claim of the suit. Especially does the record make it clear that the claim against the Dry Docks Co. was not substantial but merely formal. It leaves in no doubt; that the vessel was in the possession of the United States under a claim of ownership; that custody of the vessel had been delivered to the Dry Docks Co. for a limited, temporary, and special purpose, and under such circumstances as did not in law divest the possession of the United States, 6 Am.Jur., Sec. 91, p. 213; and that that custody, special and temporary while it lasted, no longer exists. Under these circumstances, the possession of the vessel being that of the United States, the issue of right of possession as between libellant and the Dry Docks Company presents nothing of substance for determination, and the District Judge was right in dismissing the libel as to the Dry Docks Co. It is sufficient to say in respect of the claim asserted against the Dry Docks Co. that, whether called in personam or in rem, the only claim really asserted is a claim to possession and that it is quite evident that, the United States being in possession of the vessel, the District Judge was right in dismissing the libel for want of jurisdiction. The Jardine case so declares and no authority is cited to the contrary. The fact that the Dry Docks Company had custody of the vessel for temporary and limited purposes will not avail libellant in its insistence that the suit should have been maintained as to the Dry Docks Company both in rem and in personam. For it is settled law that the custody of the Dry Docks Company was the possession of the United States and the principle that a ship in the public service of the United States is immune from seizure applies as fully to ships which have been placed in dry dock for estimates as to repairs as to ships in the hands of any other agent of the United States. In so far as the appeal purports to be in rem, it is dismissed. In so far as it purports to be in personam against the Dry Docks Company, the judgment of dismissal is affirmed.

---

[1] Canal Steel Works, Inc., v. One Drag Line Dredge, 5 Cir., 48 F.2d 212, The Denny, 3 Cir., 127 F.2d 404, The Kotkas, 5 Cir., 135 F.2d 917.