Fred PARKS, Trustee for Gulf Transportation Company, Appellant,

v.

B. F. LEAMAN AND SONS, INC., et al., Appellees.

No. 18215.

United States Court of Appeals
Fifth Circuit.

June 23, 1960.

James E. Ross, Houston, Tex., for appellant.

Malcolm W. Monroe, William S. Stone, Eberhard P. Deutsch, Edward S. Bagley, George B. Matthews, New Orleans, La., for appellees.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

**530**

HUTCHESON, Circuit Judge.

Appealing from an order[1] of the United States District Court for the Eastern District of Louisiana, denying his motions, filed in nine admiralty proceedings which had been brought by several libellants to enforce maritime liens against certain vessels, appellant Parks is here insisting in the consolidated appeals that the order was erroneously entered and must be reversed.

Appellees, moving to dismiss the appeals on the grounds stated in the margin,[2] call to our attention that neither appellant Parks nor his predecessor, as trustee in bankruptcy, at any time filed a claim in, or otherwise made himself a party to, the admiralty proceedings, but sought, first by a motion filed June 20, 1959 and submitted on June 24, to show cause why libellants should not comply with the order of the United States District Court for the Southern District of Texas in Bankruptcy, and, second by motion filed July 30th and submitted on August 5, 1959 to transfer the admiralty causes to the United States District Court for the Southern District of Tex-

1. "Avondale Marine Ways, Inc. vs. Tug 'Three Jacks' Etc. and Other Related Cases

( United States District ) Court for the Eastern (District of Louisiana )

(
) No. 584 Adm.—Baton Rouge Div.
( No. 581 Adm.—Baton Rouge Div.
) No. 577 Adm.—Baton Rouge Div.
(
) No. 4000 Adm.—New Orleans Div.
( No. 4004 Adm.—New Orleans Div.
) No. 4005 Adm.—New Orleans Div.
( No. 4006 Adm.—New Orleans Div.
) No. 4008 Adm.—New Orleans Div.
( No. 4009 Adm.—New Orleans Div.

"This cause came on to be heard on a former day, on the motion of the Trustee for Gulf Transportation Company to order libellants and the United States Marshal for this district to comply with the orders issued by the United States District Court for the Southern District of Texas, as well as on the motion of the Trustee for Gulf Transportation Company to transfer the above causes to the United States District Court for the Southern District of Texas, and was argued by counsel for the respective parties and submitted, when the court took time to consider.

"Now, after due consideration thereof:

"It Is Ordered by the court that the motion of the Trustee for Gulf Transportation Company to order libellants and the United States Marshal for this district to comply with the orders issued by the United States District Court for the Southern District of Texas, be, and the same is hereby Denied.

"It Is Further Ordered by the court that the motion of the trustee for Gulf Transportation Company to transfer the above causes to the United States District Court for the Southern District of Texas, be, and the same is hereby Denied."

2. (1) This court lacks jurisdiction herein, because no notice of appeal was timely filed of record, and as to the in-rem proceedings against Barge NBC–536 and Barge NBC–541, there is no longer any res present within the Eastern District of Louisiana, nor within the territorial jurisdiction of this court.

(2) These appeals are moot, because appellant Parks and Gulf Transportation Company, never having filed claim to any of the vessels, or security for their release, have never been parties to the in-rem proceedings; and following entry of the default decrees in rem, and orders of sale, the vessels were duly sold, at judicial sale, by the Marshal, the sales were confirmed, and ownership of the vessels was transferred to the purchaser; and the vessels are accordingly no longer subject either to release from in-rem seizure, or to surrender to appellant.

(3) Appellant has failed to file the required bonds for costs on appeal.

as, to bring the proceedings of the Bankruptcy Court to the attention, and invoke the aid, of the Admiralty Court.

3. On May 27 and 28, 1959, appellee Leaman filed in the District Court for the Eastern District of Louisiana libels in rem against the Oil Screw Barbara Lee and the Barges NBC–535, and NBC–536, and NBC–541, to enforce, pursuant to the Ship Mortgage Act as amended, its maritime lien under a preferred ship mortgage on each vessel.

Each libel also prayed for an in-personam decree, under the further provision of the Ship Mortgage Act as amended (46 USC 954), for any deficiency in the full payment of each lien, from the proceeds realized from the in-rem action.

On May 28, 1959, all four vessels were placed under seizure by the Marshal for the Eastern District of Louisiana, under admiralty warrants issued in the in-rem actions, and under writs of foreign attachment issued in the first three actions.

No claim to any of the vessels has been filed, nor has any appearance been made in any of the admiralty proceedings. No bonds, letters of undertaking or other security have been posted for their release or for costs.

On June 4, 1959, with knowledge that several of its vessels had been seized in the admiralty proceedings, to enforce preferred maritime mortgages and maritime liens against them, Gulf filed a petition for reorganization in the District Court for the Southern District of Texas, and obtained from that court an ex parte order dated June 9, 1959, enjoining all persons from commencing or continuing any civil action or administrative proceeding against the debtor or any of its property or from in anywise obstructing or interfering with the exclusive possession or right of possession of or to the debtor's property by the trustee herein, and containing a provision, "This order is addressed particularly to the United States Marshal for the Eastern District of Louisiana".

Appellee Leaman accordingly promptly apprised the District Court for the Eastern District of Louisiana of these developments and moved that court to retain its admiralty jurisdiction over and custody of the vessels and to direct the marshal for the Louisiana district not to release the vessels without claim and proper security so that appellee might take appropriate action in the reorganization proceeding to have the order of the United States District Court for the Southern District of Texas revoked or modified, and on June 12, 1959, this motion was granted, and thereafter the admiralty proceedings ran their usual course.

On June 19, 1959, appellee Leaman filed, in the reorganization proceeding, its petition to vacate the divestiture order of that court, dated June 9, 1959, and on the same date the District Court for the Southern District of Texas signed a "show cause" order, based on appellee Leaman's petition; and, pending determination of that petition, *also restrained the trustee "from proceeding under the aforesaid orders of this court of June 4, and 9, 1959, and other like orders to take possession of the aforesaid vessels, and from interfering with the United States District Court for the Eastern District of Louisiana, and B. F. Leaman and Sons, Inc., and its officers, agents and attorneys.*

Thereafter, on June 20, 1959, Gulf Transportation Company (or its trustee), still without filing claim to any of the vessels which had been seized under the admiralty warrants, appeared in the in-personam proceedings pending before the District Court for the Eastern District of Louisiana, and moved that court to order "libellants and the United States Marshal for the Eastern District of Louisiana, New Orleans Division, to comply with the orders issued by" the United State District Court for the Southern District of Texas.

In view of this action by the trustee, the District Court for the Southern District of Texas, on June 29, postponed hearing on appellee Leaman's petition to vacate the orders of that court, and again, on August 10, 1959, that court continued "any other proceedings in this case pending the court's decision of the same case in New Orleans, La."

On September 8, the marshal had executed a bill of sale of the barge NBC–541, transferring ownership to the purchasers, and the vessel was thereafter removed from the Louisiana district. On Oct. 26, 1959, the District Court for the Eastern District of Louisiana denied Parks' motion filed June 20, 1959, that it require the several libellants in those proceedings and the marshal of the district to comply with the orders of the District Court for the Southern District of Texas, sitting in Bankruptcy, and to release to appellant Parks the various vessels owned by Gulf, and also its second motion filed August 14, 1950, to transfer the causes.

The record, as pertinent to the motion to dismiss the appeal is set out in the margin.[3]

In support of the first ground of appellee's motion to dismiss the appeals, that timely filing of the notice is jurisdictional, appellees, citing Eggers v. Southern Steamship Co., 5 Cir., 112 F.2d 347 and Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705, insist that failure to file a notice of appeal[4] in each case, with payment of the $5.00 fee in each, prevented jurisdiction of this court from attaching, and the appeals should be dismissed.

■ While we, of course, agree with appellees' proposition that substantial compliance with the requirements for appeal is jurisdictional, and therefore mandatory, we cannot agree with their view that the filing of a single notice and the payment of a single fee was not substantial compliance. As shown in note 1, above, while, considered as admiralty cases, they were not consolidated below, considered for the purpose of dealing with appellant's two motions, they were so treated. Under these circumstances it would be a sticking in the bark to say that, under Sec. 1917, Title 28 U.S.C.A., "Upon the filing of any separate or joint notice of appeal * * * the fee shall be $5.00", the filing of a single notice and the payment of a single fee here was fatal to the appeal.

■ The matter stands differently, however, with respect to appellees' other grounds for dismissal. It is hornbook law that no res being present, this court is without jurisdiction of the appeals as they affect NBC–536 and NBC–541.[5]

■ It is equally clear that, since neither appellant Parks nor the company for which he is trustee, filed a claim to the vessels or in any way made himself or itself a party to the admiralty proceedings as such, and the judge of that court is no longer able to control them, all questions as to the right of the district court to deal with and dispose of the vessels are now moot. That this is so, appellant in effect concedes in his brief when, after stating: "It makes no difference where the vessels may be lo-

On November 24, no claims to the vessels by or for appellant having been filed, appellee Leaman moved for entry of a default decree in rem against the Barbara Lee and the barges NBC–535 and NBC–536, and orders of sale were signed by the district court on the same date.

On the afternoon of Dec. 14th, the day prior to the first sale, appellant moved to stay the sale on the ground that on Nov. 5, 1959, he had filed a notice of appeal from the District Court's order.

Appellant's motions of Dec. 14, 1959, to stay the sales were denied as to each proceeding. The marshal accordingly proceeded with the sales and after public outcry adjudged each vessel to the last and highest bidder. No opposition to any of these sales having been filed within three days thereafter, as required by the rules, the sales were automatically confirmed, and on Dec. 23, the marshal executed his bill of sale for each vessel, transferring ownership to appellee Leaman as the purchaser. A final decree in rem was entered on Dec. 30, 1959, against Barge NBC–536 and, on Jan. 7, 1960, in the other two proceedings. These decrees confirmed the default of all persons and condemned each vessel to pay appellee the sum found to be due under the mortgage. Thereafter ap-pellee Leaman took possession of each vessel and removed her from the Eastern District of Louisiana.

4. The facts with reference to the notice of appeal are that on Nov. 5, 1959, appellant mailed to the Clerk a single document in the nature of a notice of appeal, bearing the style of all nine cases in which the district court's order had been entered, and a check for $5.00. The clerk refusing to file or docket the notice, promptly and repeatedly advised appellant's proctor that the notice could not be filed until the required fee, $5.00 in each case, had been paid. On Dec. 11, 1959, proctor for appellant tendered the Clerk the demanded fee, and the Clerk, pursuant to the District Judge's oral instructions, filed the notice of appeal, dating it as filed on November 5, 1959, and an extension of time to January 10, 1960, within which to file the record on appeal was then granted. No supersedeas bond or bond for costs was ever filed by the appellant.

5. Canal Steel Works, Inc. v. One Drag Line Dredge, 5 Cir., 48 F.2d 212; The Kotkas, 5 Cir., 135 F.2d 917; The Manuel Arnus, 5 Cir., 141 F.2d 585; Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 261 F.2d 861.

cated, for the District Court for the Southern District of Texas has jurisdiction over them 'wherever located' under 11 U.S.C.A. § 511", he goes on to say: "No attempt was made and no attempt will be made by the trustee to reopen the default decrees. The only right claimed or to be claimed by the trustee was the right to possession of the vessels subject to the order of the District Court for the Southern District of Texas." In saying this, appellant completely overlooks the fact that in connection with "the order to show cause for order dismissing debtor's petition", *the Bankruptcy Court on June 19th entered an order staying and in effect, by restraining the trustee from proceeding under it, nullifying the earlier order, and that on June 29, following and pursuant to the order of June 19th, entered another order to continue any other proceeding in this case pending the court's decision of the same case in New Orleans.*

In the light of the fact that, when the reorganization petition was filed, jurisdiction [6] of the vessels had already fully vested in the Admiralty Court; of these orders; and of appellant's concession, that the purpose of his appeal is not to set aside the orders in admiralty or alter their effect, but to obtain a ruling whether the admiralty decrees were entered in violation of the orders of the District Court for the Southern District of Texas; it seems quite clear to us that his whole efforts are directed at matters which have already become moot and that the motion to dismiss the appeal as moot should be sustained.

 Finally, since the appeal is not from the Bankruptcy Court but from an order in a plenary proceeding in admiralty, Robertson v. Langdon, 7 Cir., 72 F.2d 148, we agree with the appellees that the trustee had no more right than any other litigant to prosecute the appeal without posting an appeal bond or other-

wise making satisfactory provision for costs.[7] In saying this we realize that the court has the discretion to decline to dismiss. Under all the circumstances, including the long delay in the prosecution of this appeal and the fact that it appears on its face to be without merit, we are of the opinion that the discretion of the court should not be exercised in favor of continuing this long dragged out and unmeritorious proceeding by permitting appellant at this late date to supply his patent omission.

The motion to dismiss is granted and the appeals are dismissed.

6. State of Texas v. Donoghue, 5 Cir., 88 F.2d 48, at page 50; In re White Star Refining Co., 5 Cir., 74 F.2d 269; Bryan v. Speakman, 5 Cir., 53 F.2d 463. Cf. Texas Co. v. Hauptman, 9 Cir., 91 F.2d

449, where the first jurisdiction was acquired by the Bankruptcy Court.

7. Spears v. Shell Oil Co., 9 Cir., 249 F.2d 396; Beecher v. Smithson, 9 Cir., 217 F.2d 304.