FURNESS WITHY (CHARTERING),
INC., PANAMA, Plaintiff,

v.

WORLD ENERGY SYSTEMS ASSOCI-
ATES, INC., Wesa, Inc. and Hemmert
Shipping Corporation, Defendants,

The Citizens and Southern National
Bank, Garnishee,

Hemmert International Corporation and
Texas Chartering, Inc., Intervenors.

Civ. A. No. C81–1515A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 7, 1981.

Robert B. Fougner, New York City, John
W. Bonds, Atlanta, Ga., for plaintiff.

Nolan C. Leake, Atlanta, Ga., Joseph D. Cheavens, Houston, Tex., Charles M. Kidd, Atlanta, Ga., for defendants.

## ORDER

MOYE, Chief Judge.

Plaintiff Furness Withy (Chartering), Inc., Panama (hereinafter "FWC") brought this action against WESA, Inc., World Energy Systems Associates, Inc. (hereinafter collectively "WESA") and Hemmert Shipping Corporation on August 13 and 14, 1981, alleging that WESA had repudiated its contract of affreightment (hereinafter "COA") with FWC under which WESA had agreed to ship a bulk cargo of coal aboard FWC's vessels from Mobile, Alabama, to Taiwan. FWC filed this suit and, pursuant to Admiralty Rule B(1), attached and garnished WESA's bank account and letter of credit # 1RH9–08583/094–297 (hereinafter the "Letter of Credit") with The Citizens and Southern National Bank in Atlanta.

The controversy which precipitated this lawsuit arose in Mobile, where FWC's vessel and WESA's cargo of coal were located and where performance of the COA was to commence. However, the Letter of Credit located in Atlanta represented one of the sources of security for FWC's claims, and this fact caused FWC to institute the action now pending before this Court.

On August 13, the day it filed this action in Atlanta, FWC instituted an identical action against the same defendants in Mobile. The following day, August 14, the first hearing in this matter was held by the District Court sitting in Mobile. On Monday, August 17, lengthy hearings were held in both Atlanta and Mobile. Thereafter, the Court in Mobile held further hearings on August 18, 19 and 21. All of the parties made general appearances before the Court in Mobile.

At the conclusion of these hearings, both District Courts determined that FWC was entitled to security for its claims before the attachments and garnishments would be vacated. As security for FWC's claims, both

Courts ordered WESA to execute assignments totaling $600,000 from the proceeds of the Letter of Credit to the Clerks of the respective Courts as a condition to lifting the attachments and garnishments. These assignments were executed, the attachments and garnishments were lifted, the coal was shipped, the Letter of Credit has been negotiated, and security for FWC's claims in the amount of $600,000 is now in the custody of the respective Clerks.

The matter is presently before the Court on plaintiff's motion to transfer the case to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a).

Plaintiff contends that there is already pending in the proposed transferee court a lawsuit involving the same parties, issues, facts and controversy as those in this lawsuit, and all of the parties herein, with the exception of the garnishee, have appeared in that action without objection to that court's personal jurisdiction. It is further argued that there is no longer any nexus between the facts of this controversy and the Northern District of Georgia and that all the activities complained of by plaintiff occurred in and around the port of Mobile, within the Southern District of Alabama. Based on the above, plaintiff seeks transfer of this action to the Southern District of Alabama.

28 U.S.C. § 1404(a) authorizes this Court to transfer this matter to another district as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district on division where it might have been brought.

Relying principally upon three admiralty decisions applying this statute, *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *In re International Marine Towing, Inc.*, 617 F.2d 362 (5th Cir. 1980); and *Norfolk Shipbuilding & Drydock Corp. v. Motor Yacht La Belle Simone*, 371 F.Supp. 985 (D.P.R.1973),

plaintiff argues that transfer of this case is proper.

In *Continental Grain* the Supreme Court affirmed the district court's transfer of an *in rem* action brought against a barge in the district in which it was located at the time of the filing of the suit. The district court action in transferring the case to the district where the barge had earlier sunk while being loaded and where a similar suit was pending was approved by the Supreme Court despite the fact that the *in rem* action against the barge could not have been brought in the transferee court at the time it was filed since the barge had been moved to the transferor district since the sinking. The transferor district court's conclusion that the issue in both suits was the cause of the casualty, which conclusion was accepted by the Supreme Court, 364 U.S. at 21, 80 S.Ct. at 1472, compelled transfer for the efficient administration of justice. Thus, the Court concluded:

> To permit a situation in which two cases involving precisely the same issue are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

364 U.S. at 26, 80 S.Ct. at 1474.

The Fifth Circuit recently relied on *Continental Grain* when it denied a writ of mandamus to prevent transfer of an admiralty action in *International Marine Towing*. The court held that it was proper to transfer a Florida *in rem* action concerning a tug charterer's claims of a maritime lien for financial unseaworthiness and breach of charter to the Eastern District of Louisiana, where the tug charterer had filed an *in personam* action against tug owners seeking damages for breach of charter. Despite section 1404(a)'s prohibition against transfer to a district where the action might not have been brought, the Fifth Circuit, considering relative equities and noting that if the statute is to be read literally it no more

authorizes the *Continental Grain* transfer than it sanctions this one, 617 F.2d at 364, denied the writ of mandamus to prevent transfer.

Finally, in *Motor Yacht La Belle*, the United States District Court for the District of Puerto Rico, in a similar ruling, transferred a case to the Eastern District of Virginia where a similar admiralty claim was pending. The court concluded that suit was filed in Puerto Rico solely to obtain security to satisfy any judgment which might be granted in the case. 371 F.Supp. at 990.

Despite the above cases relied upon by plaintiff, plaintiff's motion to transfer is opposed by all defendants and intervenors. Defendant Hemmert Shipping Corporation and intervenors Hemmert and Texas filed a brief in opposition on September 25, 1981, and WESA filed an opposition brief on September 28, 1981.

The Hemmert group argues that transfer should not occur because the remaining issues before the Court primarily concern the validity of the attachment of the letter of credit at the Citizens and Southern National Bank in Atlanta. The underlying controversy, Hemmert argues, between Furness Withy and defendants World Energy and WESA is to be resolved by arbitration in New York, leaving this Court and the proposed transferee court in Mobile primarily as security holders. Hemmert concedes that both this Court and the Mobile court have before them the dispute between plaintiff and Hemmert Shipping, but it is argued that this fact alone does not cause plaintiff to have met its burden to prove a strong balance in its favor on its motion to transfer. Finally, Hemmert argues that plaintiff has failed to show that the proposed transfer would convenience the parties and non-party witnesses.

Defendants World Energy Systems and WESA contend that the plaintiff's motion should be denied because plaintiff has failed to provide sufficient information to establish the need for transfer. WESA cites movant's failure to file affidavits, depositions, stipulations or other documents containing facts which establish the need to transfer and argues that general allegations by the movant that witnesses will be necessary in Mobile are insufficient to meet the burden of showing a need for transfer.

It is next argued that transfer would not serve the interests of justice or the convenience of the parties and witnesses as required by 28 U.S.C. § 1404(a). WESA argues the arbitration proceeding in New York will be the actual setting of the contractual dispute between plaintiff and WESA, meaning a transfer to Mobile will not necessarily bring this suit closer to witnesses or parties. In addition, WESA contends that because plaintiff's attachment of WESA's letter of credit in Atlanta has been attacked by motion filed in this suit on September 18, 1981, this court is a more convenient and proper forum for a re-examination of its actions following the August 17, 1981 hearing.

Finally, WESA argues that the motion to transfer should be denied because the instant action could not have been brought in the United States District Court for the Southern District of Alabama. That contention is based upon the admission by plaintiff that the sole reason it instituted suit here was to attach WESA's letter of credit in Atlanta. Because said letter of credit could not have been attached in Alabama under Admiralty Rule B(1), WESA argues plaintiff's suit may not now be transferred to Alabama.

Plaintiff replied to the opposition to its motion by arguing that the briefs in opposition overlook plaintiff's identical suits, both here and in Mobile, against Hemmert and Texas for (1) their wrongful interference with plaintiff's contract with WESA, and (2) Hemmert's fraud for attempting to shield WESA's assets from attachment and garnishment. Plaintiff also points the Court to the brief submitted by Hemmert and Texas to the court in Mobile in support of its motion for release of security which recites the same facts found in a similar

brief in this action and makes the same constitutional arguments with respect to Admiralty Rule B(1). In addition, plaintiff offers examples of five companies or individuals that are located in Mobile or Alabama who will be convenienced by a transfer of this case to Mobile.

While the principal contractual dispute between Furness Withy and WESA under the contract of affreightment will be submitted to arbitration in New York, the matters remaining to be decided between plaintiff and Hemmert International and Texas Chartering would best be decided, for the convenience of the parties and witnesses, in Mobile.

The sole connection this suit ever had with the Northern District of Georgia was the attachment by plaintiff of WESA's letter of credit with an Atlanta bank. That attachment no longer exists pursuant to an order entered August 18, 1981, but has been replaced by the posting of bonds by WESA and World Energy Systems in the amount of $210,000.00. The questions remaining before this Court are (1) defendants' contentions that the attachment was unconstitutional and contrary to law; (2) plaintiff's claim against Hemmert International and Texas for wrongful interference with plaintiff's contract with WESA, and (3) plaintiff's claim against Hemmert for its alleged fraud in attempting to shield WESA's assets from attachment and garnishment. *All* of these questions are before the Mobile court, with the exception of the legal challenges on the issuance of the writ of attachment and garnishment in Atlanta and the legality of attaching a letter of credit. The resolution of these two questions will require a minimum, if any, of witnesses from Atlanta. Being convinced the case would most conveniently be heard in Mobile for the convenience of parties and witnesses, the sole remaining argument for retaining this suit in Atlanta is defendant's contention that the suit may not be transferred to Mobile since it could not have been originally brought there.

The Court believes that the Fifth Circuit's analysis of *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), in *In re International Marine Towing, Inc.*, 617 F.2d 362 (5th Cir. 1980), makes this maritime matter properly transferable to Mobile despite the fact that the letter of credit attached in this district could not have been attached in Mobile. The Fifth Circuit in *International Marine* declined to read 28 U.S.C. § 1404(a) literally, noting the Supreme Court's refusal to do the same in *Continental Grain*, 617 F.2d at 364, where to do so would hinder section 1404(a)'s purpose "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *See* 364 U.S. at 27, 80 S.Ct. at 1475. Both the Supreme Court and the Fifth Circuit allowed transfer of an action brought against a vessel *in rem* for purposes of obtaining security to a forum more closely connected to the activities giving rise to the suit. This Court would be doing essentially the same by transferring this action, brought here for purposes of obtaining security only, to Mobile where the dispute between shipowners and cargo owners actually arose.

Accordingly, plaintiff's motion to transfer this case to the United States District Court for the Southern District of Alabama is hereby GRANTED and the Clerk is DIRECTED to transfer the entire file in the action, including all bonds and monies posted as security, to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division together with a certified copy of this order.