**Courtnay TAYLOR, Horacio Velarde, Miguel Roa and Adam Bunillo Alvarez, Plaintiffs-Appellants,**

v.

**TRACOR MARINE, INC., Intervening-Plaintiff,**

v.

**M/V CIUDAD DE LEON, her engines, tackles, motors, sails, etc., Defendant-Appellee.**

**Nos. 81–5147, 81–5219
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 23, 1982.

Horton, Perse, Ginsberg & Lipcon, Arnold R. Ginsberg, Miami, Fla., for plaintiffs-appellants.

Hayden & Milliken, Reginald M. Hayden, Jr., Miami, Fla., for Tracor Marine, Inc.

Joseph C. Martucci, Miami, Fla., for intervenor Carlos De La Fuente.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

This case arose when certain crewmembers of the M/V CIUDAD DE LEON sued in rem against the vessel to obtain seamen's wages and penalty wages from their employer. The appellants, all of whom were crewmembers, and Tracor Marine, which held a maritime lien on the vessel as a result of shipyard services, were intervening plaintiffs in that action. The vessel was seized and ultimately sold (to Tracor Marine), with the proceeds subject to priority liens.

The trial court conducted a hearing to determine the amount to which the crewmembers were entitled.[1] The court entered final judgments awarding various sums to the crewmembers and the remainder of the sale proceeds to Tracor Marine, and it authorized immediate execution and the disbursement of all funds in the registry of the court. The appellants filed a memorandum opposing the disbursement of the funds and an emergency motion to prevent the disbursement pending an appeal. The motion was denied and the funds were disbursed.

The appellants contend that the district court erred in its determination of the amounts due the seamen and in its release of funds to an inferior lienholder where the priority lienholders have exercised their right to appeal the order regarding entitlement to recovery. The appellee disputes these contentions and additionally challenges jurisdiction.

■ A trial court's in rem jurisdiction in a case such as this may be furnished by a vessel, the proceeds of the judicial sale of the vessel, or security furnished in lieu thereof. *See, e.g., Point Landing, Inc. v. Alabama Drydock & Shipbuilding Co.*, 261 F.2d 861, 864 (5th Cir. 1958) (proceeds in the registry of the court); *American Bank of Wage Claims v. Registry of the District Court of Guam*, 431 F.2d 1215, 1218–19 (9th Cir. 1970). However, where the res is no longer before the court, its in rem jurisdiction is destroyed, and any appeal from its decision is rendered moot. *E.g., Parks v. B. F. Leaman & Sons, Inc.*, 279 F.2d 529, 532 (5th Cir. 1962); *The Manuel Arnus* 141 F.2d 585 (5th Cir.), *cert. denied sub nom. Compania Transatlantica v. The Manuel Arnus*, 323 U.S. 728, 65 S.Ct. 63, 89 L.Ed. 584 (1944); *Canal Steel Works, Inc. v. One Drag Line Dredge*, 48 F.2d 212 (5th Cir.), *cert. denied*, 284 U.S. 647, 52 S.Ct. 29, 76 L.Ed. 550 (1931); *American Bank of Wage Claims*, 431 F.2d 1215. The latter rule is dispositive of this case.[2]

■ The appellants vigorously resisted the trial court's order to disburse all proceeds received from the sale of the M/V CIUDAD DE LEON, but they were unsuccessful at the trial court level and they did not seek extraordinary relief from this court to prevent disbursement.[3] Moreover, they did not file a supersedeas bond in order to obtain a stay upon appeal. The proceeds having been disbursed, any order which we might issue in this case would be an empty gesture. Consequently, this appeal is rendered moot and must be

DISMISSED.

---

1. The claims of twelve intervening plaintiffs were settled and satisfied from the proceeds of the sale prior to trial.

2. Had this case also involved claims in personam, jurisdiction might still lie. *See Treasure Salvors v. Unidentified Wrecked and Abandoned Sailing Vessel*, 569 F.2d 330 (5th Cir. 1978); *Inland Credit Corp. v. M/T BOW EGRET*, 552 F.2d 1148 (5th Cir. 1977).

3. The appellants contend that the trial court erred by not preserving the res by requiring the appellee to give security under Rule E(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. However, they did not seek mandamus to require the trial court to take that action, and jurisdiction is not preserved by their allegation of error on appeal. Moreover, the removal of the res in this case has not been shown to be accidental, fraudulent, or improper within the holding of *The Rio Grande*, 90 U.S. (23 Wall.) 458 [23 L.Ed. 158] (1874). *See American Bank of Wage Claims*, 431 F.2d at 1219.