**L.B. HARVEY MARINE, INC., A Fla. Corp., Plaintiff-Appellant,**

v.

**M/V "RIVER ARC" in rem, Her Engines, Tackle, Furnishings, and other Appurtenances, and Owners, Defendants-Appellees.**

No. 82–5793
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1983.

Lane, Mitchell & Harris, P.A., C. Robert Murray, Jr., Miami, Fla., for plaintiff-appellant.

Dixon, Dixon, Hurst & Nicklaus, James A. Dixon, Jr., Miami, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

Harvey filed a complaint in rem against M/V RIVER ARC, alleging an unpaid balance for equipment installed and services performed on the vessel, and claiming a maritime lien. The district court issued a warrant of arrest in rem. Following a post-seizure hearing the district court dissolved the warrant of arrest. Harvey filed a notice of appeal but did not request a stay of the order dissolving the arrest nor did it file a supersedeas bond.

It appeared from the briefs that the RIVER ARC was scheduled to sail from the Port of Miami on the day the district court entered its order dissolving the arrest warrant. Since nothing in the record or briefs indicated that the vessel did not sail as

planned, this court directed the parties to file briefs on the issue of whether the appeal should be dismissed as moot because the vessel had left the jurisdiction of the court. The parties have filed their briefs, and while there is no specific stipulation both acknowledge that the vessel did depart from the jurisdiction.

■ The appeal must be dismissed as moot. In a maritime case, where the res is no longer before the court, its in rem jurisdiction is destroyed, and any appeal from its decision is moot. *Taylor v. Tracor Marine, Inc.,* 683 F.2d 1361, 1362 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983). The presence of the res within a court's territorial jurisdiction is necessary before the court can proceed to adjudication. Wright & Miller, Federal Practice and Procedure Sec. 1063, at 203, Sec. 1070, at 270. *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel (Treasure Salvors I),* 569 F.2d 330 (5th Cir.1978), involved a shipwreck located partly inside and partly outside of the district court's territorial jurisdiction. The parties had consented to the district court's exercise of in rem jurisdiction. It was physically impossible to bring the extraterritorial part of the wreck inside the court's jurisdiction, and the district court had done what it could to seize the remainder of the res. In *Treasure Salvors III,* 640 F.2d 560 (5th Cir.1981), we noted that the district court in *Treasure Salvors I* had in personam federal question jurisdiction over the claimants. Therefore, it was not necessary to rely on in rem jurisdiction over the absent res because the parties had submitted themselves to the jurisdiction of the court by consent. 640 F.2d at 566.

A consent to transfer jurisdiction to another district court under 28 U.S.C. Sec. 1404(a) may suffice to permit a transferee forum to exercise in rem jurisdiction even though the res is not located within the district's territorial jurisdiction. *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 21–24, 80 S.Ct. 1470, 1472–74, 4 L.Ed.2d 1540, (1969); *In Re International Marine Towing, Inc.,* 617 F.2d 362, 363 (5th Cir. 1980). Appellee does not consent to in rem jurisdiction of the district court once the res

departed or in rem jurisdiction in this court. Accidental, fraudulent, or improper removal of the res from the district does not destroy in rem jurisdiction once it existed, *The Rio Grande,* 90 U.S. (23 Wall.) 458, 465, 23 L.Ed. 158 (1874); *Platoro, Ltd. v. Unidentified Remains of a Vessel,* 508 F.2d 1113, 1116 (5th Cir.1975), but there are no charges of impropriety in this instance.

■ Appellant argues that the vessel regularly returns to the Port of Miami and thus it could be arrested again if judgment is in appellant's favor. But, as pointed out above, there must be in rem jurisdiction to *proceed* to adjudication. This court cannot go forward on appeal on the basis that RIVER ARC may return.

■ Appellant argues that it is fundamentally unfair not to adjudicate the merits of the case. But there are various methods to protect appellate jurisdiction in an in rem case. *See Bank of New Orleans & Trust Co. v. Marine Credit Corp.,* 583 F.2d 1063, 1068–69 (8th Cir.1978); *Parks v. B.F. Leaman & Sons,* 279 F.2d 529 (5th Cir.1960); *The Kotkas,* 135 F.2d 917, 918 (5th Cir. 1943); *Canal Steel Works, Inc. v. One Drag Line Dredge,* 48 F.2d 212, 213 (5th Cir.), *cert. denied,* 284 U.S. 647, 52 S.Ct. 29, 76 L.Ed. 550 (1931).

The appeal must be DISMISSED as moot.