**STARONSET SHIPPING LTD., Plaintiff,**

v.

**NORTH STAR NAVIGATION INC., Defendant.**

No. 87 Civ. 2456 (WK).

United States District Court, S.D. New York.

May 4, 1987.

John P. James, Healy & Baillie, New York City, for plaintiffs.

Joan Hillenbrand, Limitone & Hillenbrand, Morristown, N.J., for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This is a motion to vacate an order of maritime attachment and garnishment. This dispute, in its broader sense, involves a stevedore, a ship owner (plaintiff), and a charterer (defendant). The stevedore, claiming entitlement to fees for removing cargo from the ship, brought an action *in rem* and had the ship arrested in Texas. This forced the ship owner to post security in order to obtain the vessel's release. The ship owner, who was also named *in personam*, then impleaded the charterer, claiming that the charterer had hired the stevedore and was therefore liable for the unpaid fees, if any. In the alternative, the ship owner sought indemnification. The action was transferred on consent to the United States District Court for the District of New Jersey, and all of these entities are currently before that court, where the stevedore's claim is being litigated. The ship owner's sole purpose in bringing the instant action is to attach pursuant to Supplemental Admiralty Rule B(1) the charterer's assets as security, and thus to avoid the possibility of ultimate liability for a claim which basically does not concern it. The question presented is whether or not Supplemental Rule B(1) is an appropriate instrument for that purpose.

The relevant facts are undisputed. The charterer has no office and conducts no business and is in no way to be found in this district. The ship owner has no desire to conduct any litigation in this district. On the contrary, it is willing to have the instant action transferred to New Jersey for the purpose of joining it with the action there pending, provided that it retains the security achieved by the attachment. The charterer has refused the owner's requests to post countersecurity.

The charterer contends that the primary purpose of Rule B is to obtain jurisdiction over a defendant, and that security may be obtained as an adjunct of jurisdiction, but that the Rule is inapplicable where, as here, the sole purpose of the attachment is security. The ship owner argues that his attachment comes within the literal meaning of the Rule and should be upheld. We tend to agree with the ship owner.

We start with the proposition that this attachment undeniably falls within the plain language of the Rule, as the charterer is not to be found within the district. Nevertheless, the charterer urges, a maritime attachment may not be used solely to acquire security. The charterer cites several cases which hold that security cannot be obtained except as an adjunct to obtaining jurisdiction, but none of them suggest that the Rule requires that jurisdiction be the applicant's prime motive. *Chilean Line Inc. v. U.S.A.* (2d Cir.1965) 344 F.2d 757, 760; *Seawind Compania, S.A. v. Crescent Line* (2d Cir.1963) 320 F.2d 580, 582; *D/S A/S FLINT v. Sabre Shipping Corp.* (E.D.N.Y.) *aff'd sub nom. Det Bergenske Dampskibsselskab v. Sabre Ship-*

*ping Corp.* (2d Cir.1965) 341 F.2d 50. In each of those cases, the court concluded that the defendant was in fact present in the district, and that attachment was accordingly improper. On the other hand, the ship owner cites analagous cases which have sustained attachments where admittedly the only purpose of commencing suit in the district was to obtain security, and the action was later transferred to another district. *Furness Withy, Etc. v. World Energy System Assoc.* (N.D.Ga.1981) 523 F.Supp. 510; *Norfolk Ship. & Dry. Corp. v. Motor Yacht La Belle Simone* (D.P.R. 1973) 371 F.Supp. 985.

The charterer also argues that the attachment should be vacated on the ground that the instant indemnity action is premature, since no cause of action will arise until such time, if ever, as the ship owner incurs actual liability. As the opinion of Judge (now Justice) Marshall in *Greenwich Marine v. S.S. Alexandra* (2d Cir.1965) 339 F.2d 901 suggests, that question is committed to our discretion. In the exercise of our discretion, we believe that the ship owner's concerns are reasonable and that he is entitled to the security which he seeks.

Although the charterer did not rely on it, the ship owner has called attention to *Sanko S.S. Co. v. Newfoundland Refining Co.* (S.D.N.Y.) *aff'd by unpublished memorandum* (2d Cir.) 538 F.2d 313, *cert. denied* (1976) 429 U.S. 858, 97 S.Ct. 158, 50 L.Ed.2d 136, where we had held that a forum selection clause obviating litigation in this district would prevent the issuance of an attachment pursuant to Rule B. The ship owner also called attention to *Polar Shipping Ltd. v. Oriental Shipping Corp.* (9th Cir.1982) 680 F.2d 627, where the *Sanko* case was thoroughly discussed and disapproved. Upon reflection, we conclude that the Ninth Circuit's reasoning is more persuasive than our own.

In summary, we conclude that plaintiff ship owner satisfies the requirements for attachment pursuant to Supplemental Rule B(1), and that the spirit of the Rule is not violated when a party's primary interest in seeking the attachment is obtaining security to satisfy a judgment, rather than simply obtaining *in personam* jurisdiction. In the exercise of our discretion, we decline to characterize plaintiff's complaint as premature.

The motion to vacate the attachment is denied. The charterer has asked that the interrogatories served on the garnishee in connection with the attachment be stayed. In view of the fact that the ship owner has no immediate need for the information, we grant that application and stay the interrogatories until final disposition of any appeal from this order, or, should there be no appeal, expiration of the time to appeal, whichever event sooner occurs.

SO ORDERED.