932 F.2d 1433
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE SINGLE FAMILY RESIDENCE LOCATED AT 6960 MIRAFLORES
AVENUE, etc., Defendant,
Republic National Bank of Miami, Claimant-Appellant,
Thule Holding Corp., Claimant.
 No. 90-5295.
 United States Court of Appeals,
Eleventh Circuit.
 June 10, 1991.
 
 Stanley A. Beiley, Robert M. Sondak, Miami, Fla., for claimant-appellant.
 Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Alan Dagen, Asst. U.S. Atty., Fort Lauderdale, Fla., Anne M. Hayes, Miami, Fla., Linda C. Hertz, Robert Rosenberg, Asst. Attys. Gen., Fort Lauderdale, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH and BIRCH, Circuit Judges, and DYER, Senior Circuit Judge.
 DYER, Senior Circuit Judge:
 
 
 1
 This is an appeal of a civil forfeiture case brought by the United States against a parcel of real property situated in the Southern District of Florida. During the pendency of the action below, the real property was sold pursuant to an order of interlocutory sale. The proceeds of the sale were placed in the United States Marshal's account. A final judgment of forfeiture was entered on March 15, 1990. The claimant, Republic National Bank, holder of a mortgage lien on the property, timely filed its notice of appeal, but did not file a motion to stay execution or post a supersedeas bond. On April 20, 1990, the United States Marshal executed on the judgment and transferred the proceeds of the interlocutory sale to the Asset Forfeiture Account of the United States Treasury. The United States filed its motion to dismiss the appeal on the ground that this transfer divested this court from exercising in rem jurisdiction over the case. We grant the motion and dismiss the appeal for want of jurisdiction.
 
 Facts
 
 2
 The United States initiated this in rem action seeking civil forfeiture of a single family residence located in the Southern District of Florida. The complaint alleged that Indalecio Iglesias owned the property, that he had engaged in narcotics transactions, and had used the proceeds of the transactions to purchase the property. The complaint sought forfeiture under 21 U.S.C. Sec. 881(a)(6). Service perfecting in rem jurisdiction was made by arresting the defendant property and by publication of notice in conformity with Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(4). Additionally, the government sent a notice of the suit to the potential claimant Republic National Bank, who was a mortgagee of the defendant property. Republic filed a claim and answer asserting an "innocent owner" defense.
 
 
 3
 On May 25, 1988, the government filed an agreed motion seeking a court order authorizing an interlocutory sale of the residence. The motion provided that the proceeds of the sale would be held by the United States Marshal and that the claims to the residence would then attach to the proceeds held by the Marshal, and be subject to the future determination of the court, without prejudice to the rights of any claimant. On May 31, 1988, an order for interlocutory sale was entered by the district court. It provided that all interests of any lienors and claimants would automatically transfer to the proceeds of the sale. The order also instructed the United States Marshal for the Southern District of Florida to retain custody of the proceeds of the sale pending the court's further order. This property was thereafter sold for approximately one million dollars.
 
 
 4
 During the pendency of the action, the grand jury indicted Indalecio Iglesias in the Southern District of Florida. He was alleged to be the real owner of the property, although Thule Holding Corporation was the record owner. Iglesias was charged with criminal violations pertaining to the subject residence.
 
 
 5
 On March 15, 1990, the district court entered a final judgment of forfeiture and directed the United States to dispose of the remaining proceeds of the interlocutory sale, in accordance with law.
 
 
 6
 Republic timely filed its notice of appeal, but did not file a motion to stay execution of the final judgment or post a supersedeas bond. On April 20, 1990, the United States Marshal executed on the judgment and transferred the proceeds of the interlocutory sale to the Asset Forfeiture Account of the United States Treasury.
 
 Contentions of the Parties
 
 7
 On the merits of this appeal, Republic, as mortgagee, seeks to reverse the judgment of forfeiture against it for two reasons. First, it argues that the district court erred in applying a "constructive knowledge", instead of an "actual knowledge", standard to forfeit Republic's mortgage; and second, the court utilized clearly erroneous findings of fact on which to base its legal conclusions. Since the government's motion to dismiss the appeal is dispositive, we do not reach the merits.
 
 
 8
 The United States contends that when the United States Marshal for the Southern District of Florida executed on the final judgment of forfeiture by transferring the substituted res from his custody to the Asset Forfeiture Account, no res remained in that district; ergo, the transfer divested the district court and this court from exercising in rem jurisdiction in this case.
 
 
 9
 Republic contends that there is continuing jurisdiction in this court because (1) by enacting 21 U.S.C. Sec. 881(j) Congress modified the requirement that the res be within the court's territorial jurisdiction for Sec. 881 forfeiture actions; (2) the district court had in personam jurisdiction; (3) there was consent to or estoppel to deny jurisdiction.
 
 Jurisdiction Under 21 U.S.C. Sec. 881(j)
 
 10
 Republic argues that Congress has modified the requirement that the res be within the court's territorial jurisdiction for Section 881 forfeiture actions and gives this court continuing jurisdiction to hear this appeal. Section 881(j) provides:
 
 
 11
 In addition to the venue provided for in Section 1395 of Title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of the property under this Section, a proceeding for forfeiture under this Section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought.
 
 
 12
 Republic reads the statute to mean that once Iglesias was indicted and found in the Southern District of Florida, the effect, under Section 881(j) is to add two bases, in addition to the fact that the property was located in this district, on which the court continues to have jurisdiction even after the property is removed from the district.
 
 
 13
 We find no support for this novel proposition. By its clear terms Section 881(j) simply affords the government a choice of venue as to where to bring a forfeiture action. It may choose to prosecute the forfeiture action either in the district where the res is located, in the district of the criminal prosecution, or the district in which the owner is found. This choice does not extend to claimants. Here the res, which was alleged to be owned by Iglesias, was forfeited in the Southern District of Florida. Republic filed its claim in the same district. The fact that Iglesias was indicted in the same district after the institution of the forfeiture proceeding is of no moment. Nor does the fact that Iglesias was found in the Southern District of Florida give continuing jurisdiction after the res has been removed. He never filed a claim and was never a party to the lawsuit. Finding Iglesias in the district was not necessary to effect the in rem forfeiture. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(4) only requires publication and seizure of the defendant property to notify potential claimants. The only basis for jurisdiction in this case is that the defendant property was located and arrested in this district. Accordingly, we find the provisions of Section 881(j) to be irrelevant to this action.
 
 
 14
 United States v. One Lear Jet Aircraft, 836 F.2d 1571 (11th Cir.) (en banc), cert. denied, 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1988) controls the result in this case. There the government initiated a forfeiture proceeding against a Lear Jet aircraft located in the Southern District of Florida pursuant to 8 U.S.C. Sec. 1324(b). The aircraft had been used to enter the United States by persons who made material misrepresentations on their visa applications. Leybda Corporation filed a claim to the aircraft, but, after trial, the district court entered a judgment of forfeiture for the United States. Leybda filed a timely notice of appeal, but did not file a motion for stay of judgment or a supersedeas bond. The government executed the judgment by removing the aircraft to Missouri. On en banc reconsideration of this in rem jurisdictional issue, the court held that:
 
 
 15
 We now hold that, because removal of the res from a court's territorial jurisdiction destroys that court's in rem jurisdiction, Pennington v. Fourth National Bank, 243 U.S. 269, 37 S.Ct. 282, 61 L.Ed. 713 (1917), this Court does not have jurisdiction to hear Leybda's appeal.
 
 
 16
 The general rule of in rem jurisdiction is that the court's power derives entirely from its control over the defendant res. Id. at 272, 37 S.Ct. at 283; L.B. Harvey Marine, Inc. v. M/V River Arc, 712 F.2d 458, 459 (11th Cir.1983). Where an appellant fails to file a stay of judgment or a supersedeas bond, and the res is removed from the court's territorial jurisdiction, the appellate court does not have in rem jurisdiction. Taylor v. Tracor Marine, Inc., 683 F.2d 1361, 1362 (11th Cir.1982), cert. denied, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983); Parks v. B.F. Leaman & Sons, Inc., 279 F.2d 529, 532 (5th Cir.1960). This Circuit has recently reaffirmed this traditional rule. See Harvey Marine, 712 F.2d at 459; Taylor, 683 F.2d at 1362.
 
 
 17
 Id. at 1573. We reiterated this rule in United States v. One 1983 Homemade Vessel Named Barracuda, 858 F.2d 643, 647 (11th Cir.1988).
 
 
 18
 In United States v. $57,480.05 U.S. Currency and Other Coins, 722 F.2d 1457 (9th Cir.1984), after a judgment of forfeiture was entered, the United States Marshal executed on the judgment by delivering the funds held by him to the United States Attorney, who caused them ultimately to be paid into the United States Treasury. The claimant never sought a stay of execution of the judgment. The court dismissed the appeal holding that:
 
 
 19
 In conducting this forfeiture proceeding, the district court was exercising in rem jurisdiction and the currency was the res. The power of the court derived entirely from its control over the defendant res. (citations omitted). Release or removal of the res from the control of the court ended the jurisdiction of the court, in accordance with the general rule.
 
 
 20
 . . . . .
 
 
 21
 The destruction of the district court's jurisdiction puts an end to ours as well. Were we to reverse the judgment of the district court, there would be no res upon which our mandate could operate (citation omitted).
 
 
 22
 Id. at 1458-59.
 
 
 23
 Republic's attempt to avoid the impact of One Lear Jet by the misapplication of 21 U.S.C. Sec. 881(j) is unavailing.
 
 In Personam Jurisdiction
 
 24
 Republic asserts that even though this case was commenced as an in rem forfeiture action, once the government personally served Republic with process, and Republic filed a general appearance, this case became, as between Republic and the government, one involving both in rem and in personam jurisdiction. Therefore, even if the court lost in rem jurisdiction over the res, there would be continuing jurisdiction to hear this appeal.
 
 
 25
 The short answer to this argument is that this forfeiture action was initiated under Rule C of the Supplemental Rules. The defendant is the property. Under this Rule, the only requirement for in rem jurisdiction is that upon the filing of the complaint, there must be a publication of notice that the property has been arrested. The claimants are invited to file claims. Republic was not a named defendant and was not summoned into court under Fed.R.Civ.P. 4. Although not required to do so, the government served potential claimants with copies of the complaint and warrant of arrest of the defendant property, which notified them that the res was subject to forfeiture. Like One Lear Jet, the government never invoked in personam jurisdiction when it brought suit. It served the property, not the purported mortgagee who later filed a claim. Its jurisdiction was based solely on the res; the government did not consent to the court's in personam jurisdiction. It merely brought a forfeiture action against the defendant property. As the court there held:
 
 
 26
 [W]e reject the notion that the United States consented to in personam jurisdiction by invoking the district court's in rem jurisdiction initially. To hold that the government "consented" to in personam jurisdiction would be tantamount to deciding that a court has in personam jurisdiction over any participant in an in rem proceeding. This does not comport with the traditional analysis of in rem jurisdiction. (Footnotes omitted).
 
 
 27
 One Lear Jet, 836 F.2d at 1576-77. The United States' position cannot be construed as consenting to in personam jurisdiction merely by notifying potential claimants that an in rem action has commenced.
 
 
 28
 Consent to or Estoppel to Deny Jurisdiction
 
 
 29
 In May 1988, at the government's request, Republic agreed to an interlocutory sale of the property. The agreed motion states in pertinent part:
 
 
 30
 All present or possible liens or other claims to the defendant property will attach to the proceeds held by the Marshal, and will be subject to future determination by the court without prejudice to the right of any claimant.
 
 
 31
 The district court's order, entered upon the motion states, in pertinent part, that "all interests of any lienors and claimants shall automatically transfer to the proceeds of the sale. These interests shall be afforded the same priority on the proceeds as these interests had on the real property...." Further, the proceeds were payable "to the United States Marshal for the Southern District of Florida, who shall retain same in his custody pending this court's further order." Republic argues that the "without prejudice" agreement for the interlocutory sale of the property constituted the government's consent to the continued jurisdiction of this court, regardless of what happened to the substituted res. Moreover, Republic submits that the government's conduct in obtaining Republic's consent to a physical change in the res by announcing it would be "without prejudice", and then utilizing the physical change to prejudice Republic by defeating jurisdiction prompts the application of the principle that where removal of the res from the court's territorial jurisdiction is accidental, fraudulent or improper, removal of the res does not defeat in rem jurisdiction.
 
 
 32
 We do not agree with Republic's conclusions drawn from its reading of the agreed motion and the order entered thereon. Republic's lien on the defendant property attached to the proceeds of the sale, subject to the future order of the court. It litigated its claim and pursued all of its remedies against the proceeds just as they could have been asserted against the defendant real property. The final judgment of forfeiture ordered the United States to dispose of the proceeds according to law. Republic had the option to move for a stay of execution or post a supersedeas bond to stay the release of the substituted res. It did neither. By complying with the district court's order, the government's conduct in executing upon the judgment was neither fraudulent nor improper. One Lear Jet, 836 at 1574 n. 2. See United States v. $79,000 in U.S. Currency, 801 F.2d 738 (5th Cir.1986).
 
 Conclusion
 
 33
 This appeal is DISMISSED for want of jurisdiction.