**MARTIN v. THE BUD.**

No. 12072.

United States Court of Appeals
Ninth Circuit.

Feb. 4, 1949.

[2] Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020.

Gladstein, Andersen, Resner & Sawyer and Herbert Resner, all of San Francisco, Cal., for appellant.

Derby, Sharp, Quinby & Tweedt and Stanley J. Cook, all of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On August 8, 1947, appellant, James G. Martin, filed in the United States District Court for the Northern District of California what purported to be and was, in form, a libel in rem and in personam, naming as respondents the American fishing vessel Bud, John Doe, Richard Roe, Jane Doe and First Doe. The libel stated that appellant was ignorant of the true names of the respondents called John Doe, Richard Roe, Jane Doe, and First Doe and prayed that it be amended by inserting their true names when ascertained. That was never done. The libel did not at any time state the true name of any respondent except the Bud.

Process (a monition and a warrant of arrest)[1] issued on August 8, 1947. Thereupon the Bud, being then in the Northern District of California, was arrested by and taken into the custody of the marshal of that district. There was no arrest of, nor any service of process on, nor any attachment of the goods of, John Doe, Richard Roe, Jane Doe or First Doe.

On August 14, 1947, appellant and Angel Soriano, claimant of the Bud, filed with the clerk of the District Court a stipulation signed by their proctors on August 13, 1947, reading as follows:

"It is hereby stipulated that the Marshal's keeper now on respondent vessel 'Bud' may be removed, and the vessel left where it now is,[2] without prejudice to the in rem jurisdiction already obtained by seizure under monition herein.

"Claimant Angel Soriano agrees to allow the said boat to remain where it is, and not to make any effort to remove the same from its present location until final determination of the cause."

On August 15, 1947, as claimant of the Bud, Soriano filed on its behalf an answer to the libel and a petition to bring in, as respondents, the American fishing vessel Tryphena C and William Burton.[3] Not being a respondent, Soriano did not file an answer as such. No answer was filed nor any appearance made by or on behalf of John Doe, Richard Roe, Jane Doe or First Doe.

A trial was had on January 13 and 14, 1948. On January 16, 1948, a decree was entered dismissing the petition to bring in the Tryphena C and Burton. From that decree no appeal was taken.

The decree of January 16, 1948, left undetermined the issues raised by the answer filed on behalf of the Bud. As to these, an opinion was filed on May 12, 1948.[4] Findings of fact and conclusions of law were stated, and on June 7, 1948, a final decree was entered dismissing the libel and directing that the Bud "be forthwith released from custody and restored to the claimant, Angel Soriano." From that decree this appeal was taken on July 16, 1948.

No supersedeas bond was filed, nor was any stay of execution obtained. Having been released from the marshal's custody, the Bud was removed from the Northern District of California and has at no time since such removal been in that district. Therefore claimant Soriano has moved to dismiss the appeal as being moot and for lack of jurisdiction. The motion is well founded.[5]

There is no merit in the suggestion that the Bud's removal from the Northern District of California violated the stipulation of August 13, 1947, whereby claimant Soriano agreed not to make any effort to re-

---

[1] See Admiralty Rules 2 and 10, 28 U.S. C.A.

[2] In the Northern District of California.

[3] See Admiralty Rule 56.

[4] The Bud, D.C.N.D.Cal., 77 F.Supp. 627.

[5] Canal Steel Works v. One Drag Line Dredge, 5 Cir., 48 F.2d 212; The Denny, 3 Cir., 127 F.2d 404; The Kotkas, 5 Cir., 135 F.2d 917; The Manuel Arnus, 5 Cir., 141 F.2d 585.

move it "until the final determination of the cause." The decree of June 7, 1948, here appealed from, was such a determination. The Bud was not removed until more than 10 days after the entry of that decree. Its removal was not fraudulent or illegal. Hence The Rio Grande, 23 Wall. 458, 23 L.Ed. 158, cited by appellant, is not in point here.

■ There is no merit in the suggestion that the stipulation of August 13, 1947, was a stipulation given under 28 U.S.C.A, 1946 Edition, § 754,[6] and Admiralty Rule 12. It did not purport to be, and obviously was not, such a stipulation.

■ There is no merit in the suggestion that this is, in part, an appeal in personam.[7] The District Court, when it entered the decree here appealed from, had before it only one respondent, namely, the Bud. Appellant and the Bud were the only parties to that decree and are the only parties to the appeal. The appeal, therefore, is in rem only.

Appeal dismissed.

---

[6] This section was repealed by § 39 of the Act of June 25, 1948, c. 646, Public Law 773, effective September 1, 1948. See, however, 28 U.S.C.A. § 2464, now in effect.

