**ALYESKA PIPELINE SERVICE COMPANY, a Delaware corporation, individually and as agent for Amerada Hess Pipeline Corporation, ARCO Pipe Line Company, BP Pipelines, Inc., Exxon Pipeline Corporation, Phillips Alaska Pipeline Company, Sohio Pipe Line Company and Union Alaska Pipeline Company, Plaintiff-Appellant-Cross-Appellee,**

v.

**The VESSEL BAY RIDGE, her engines, masts, bowsprint, boats, anchors, chains, cable, rigging, tackle, apparel, furniture, and all other necessaries thereunto appertaining, Defendant,**

and

**United States Trust Co., Richmond Tankers, Inc., Seatrain Lines, Inc., and Pierce Tankers, Inc., Claimants-Appellees-Cross-Appellants.**

Nos. 81–3229, 81–3249.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 1982.

Decided April 4, 1983.

Kennedy, Circuit Judge, filed a concurring opinion.

Arden E. Page, Burr, Pease & Kurtz, Inc., Anchorage, Alaska, for plaintiff-appellant-cross-appellee.

John H. Bradbury, Michael H. Woodell, Bradbury, Bliss & Riordan, Anchorage, Alaska, for claimants-appellees-cross-appellants.

Before KENNEDY and SKOPIL, Circuit Judges, and JAMESON,* District Judge.

SKOPIL, Circuit Judge:

## INTRODUCTION

Alyeska Pipeline Service Company ("Alyeska") appeals the district court's

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

grant of relief on The Vessel BAY RIDGE ("BAY RIDGE") motion to vacate arrest and to dismiss complaint.** The BAY RIDGE cross-appeals from the district court's conclusion that Alyeska's claim against the vessel gave rise to a valid maritime lien. The district court concluded the maritime lien was valid but the arrest of the BAY RIDGE pursuant to Fed.R.Civ.P. C (Supplemental Rules for Admiralty and Maritime Claims) ("Rule C"), violated the due process clause of the fifth amendment of the United States Constitution. The arrest was vacated, security held in place of the vessel was exonerated, and the case was dismissed.

## FACTS

On May 19, 1980 Alyeska brought this action to recover costs it incurred cleaning up an oil spill near its tanker loading terminal in Valdez, Alaska. The action was brought *in rem* against the vessel BAY RIDGE. No *in personam* claims or actions were instituted.

Pursuant to Rule C, the vessel was arrested by the U.S. Marshal the day the complaint was filed. In accordance with Fed.R. Civ.P. E(8) (Supplemental Rules for Admiralty and Maritime Claims), the owners of the vessel filed a restricted appearance for the purpose of defending Alyeska's claim against the vessel.

The vessel was released upon the issuance of a letter of undertaking. Shortly thereafter the letter of undertaking was replaced with another type of security, a stipulation for value in the amount of $450,000.

The vessel owners then moved to vacate the arrest and dismiss the complaint against the BAY RIDGE on the grounds that (1) Alyeska had no valid maritime lien, and (2) Rule C, the authority by which the vessel was arrested, violated claimants' fifth amendment due process rights. On March 16, 1981 the district court issued an opinion which concluded that an enforceable lien existed but that Rule C violated the fifth amendment. *Alyeska Pipeline Service Co.*

*v. The Vessel BAY RIDGE*, 509 F.Supp. 1115 (D.Alaska 1981). The court vacated the arrest of the vessel and dismissed the case. *Id.*

On March 18, 1981, pursuant to Fed.R. Civ.P. E(8) (Supplemental Rules for Admiralty and Maritime Claims), the vessel owners moved for an order exonerating and releasing the stipulation for value. Alyeska did not move to stay the exoneration or release of the stipulation for value and did not file a supersedeas bond. On March 23, 1981 the court exonerated and released to claimants the stipulation for value. Alyeska's subsequent motions, including a motion to vacate the order of exoneration and to allow an *in rem* arrest of the exonerated stipulation for value were denied. Alyeska then filed a notice of appeal of the final judgment of dismissal and the post-judgment motions.

While the post-judgment proceedings in the first action were taking place, Alyeska filed a second *in rem* action, *Alyeska Pipeline Service Company v. BAY RIDGE*, (No. A81–137, D.Alaska, filed March 24, 1981), alleging claims nearly identical to those raised in the first action. The vessel counterclaimed for damages it allegedly suffered as a result of the arrest under Rule C which it asserts is unconstitutional. After a hearing, the district court warned that the vessel would be arrested unless security was posted by the vessel owners. A letter of undertaking was subsequently filed. In November 1981 Alyeska amended its complaint to add *in personam* claims against the vessel owners. The second action is now pending.

## ISSUES

1. Did the exoneration of the stipulation for value posted for the release of the BAY RIDGE deprive the court of jurisdiction?

2. Was the exoneration of the stipulation for value proper?

---

** The Maritime Law Association of the United States submitted a brief *amicus curiae* in support of Alyeska. We recognize the expertise of *amicus* and appreciate their participation.

## DISCUSSION

### A. Jurisdiction.

■ In an *in rem* admiralty action brought to enforce a maritime lien pursuant to Rule C, a vessel or other property against which the lien is asserted becomes the *res* or subject matter of the action. *See The Brig ANN,* 13 U.S. (9 Cranch) 289, 291, 3 L.Ed. 734 (1815) (Story, J.); *American Bank of Wage Claims v. Registry of Dist. Ct. of Guam,* 431 F.2d 1215 (9th Cir.1970). Jurisdiction over the *res* is obtained by arrest under process of the court. In absence of an arrest, no decree *in rem* can be rendered against the *res. Yokohama Specie Bank, Limited v. Chengting T. Wang,* 113 F.2d 329 (9th Cir.), *cert. denied,* 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed. 446 (1940).

Admiralty procedures allow an arrested vessel to be released from custody upon the posting of security. *See* Fed.R.Civ.P. E(5) (Supplemental Rules for Admiralty and Maritime Claims). The stipulation for value, bond or other security is substituted for the vessel as the *res* subject to the court's jurisdiction. *J.K. Welding Co. v. Gotham Marine Corp.,* 47 F.2d 332 (S.D.N.Y.1931). A plaintiff's lien for the claims alleged against the vessel is transferred to the security posted. *See generally,* G. Gilmore and C. Black, *The Law of Admiralty,* §§ 9–89 at 796–801 (2d ed. 1975).

■ In the absence of fraud or misrepresentation, the release of a vessel upon the posting of security discharges the lien against the vessel. *United States v. Ames,* 99 U.S. 35, 25 L.Ed. 295 (1879); *Southern Oregon Production v. Oil Screw SWEET PEA,* 435 F.Supp. 454, 459 (D.Or.1977).

■ The exoneration of security in this case deprived the court of jurisdiction. The stipulation for value, standing in place of the vessel as the *res* in this action, was released. There is nothing currently before the court on which to impose a decision. The Supreme Court has stated:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.

*Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895).

In *Canal Steel Works v. One Drag Line Dredge,* 48 F.2d 212 (5th Cir.), *cert. denied,* 284 U.S. 647, 52 S.Ct. 29, 76 L.Ed. 550 (1931), an arrested vessel was released after the district court dismissed a claim against it on jurisdictional grounds. The plaintiff appealed but did not file a supersedeas bond. Granting a motion to dismiss the appeal the court stated: "By failure of appellant to obtain supersedeas, the seizure was released, and there is now no subject matter upon which the judgment of the court could operate and give relief to appellant. The case has become moot." 48 F.2d at 213. This court adopted the rule of *Canal Steel Works* in *Martin v. The BUD,* 172 F.2d 295 (9th Cir.1949). We applied the rule to the release of a jurisdictional substitute for a vessel in *American Bank of Wage Claims v. Registry of Dist. Ct. of Guam,* 431 F.2d 1215, 1218 (9th Cir.1970). *Accord, Bank of New Orleans and Trust v. Marine Credit Corp.,* 583 F.2d 1063, 1068 (8th Cir. 1978). In the case at bar both the vessel and its jurisdictional substitute have been released. Unless the release of the security was improper we are without jurisdiction.

### B. Exoneration.

■ Alyeska argues that this case falls directly under the rule articulated in *The RIO GRANDE,* 90 U.S. (23 Wall.) 458, 23 L.Ed. 158 (1874). *The RIO GRANDE* was arrested and placed in the custody of the U.S. Marshal. An appeal was taken from the district court's dismissal of the plain-

tiff's claims. On plaintiff's motion, a stay of the proceedings in the district court was granted. While the stay was still in effect, the district court improperly allowed the RIO GRANDE to be released from the Marshal's custody. Upon a claim that the release of the vessel destroyed *in rem* jurisdiction; the Supreme Court held that the improper release did not destroy jurisdiction.[1]

Alyeska argues that the exoneration of the security was improper because the district court ignored the automatic stay provision of Fed.R.Civ.P. 62(a).[2] Fed.R.Civ.P. 62(a) imposes an automatic stay of enforcement for ten days after the entry of a judgment.[3] Alyeska argues that Rule 62(a) should have prevented the exoneration until at least March 27, ten days after entry of the court's judgment. Alyeska contends that this would have given it sufficient time to move to block exoneration and thereby preserve the jurisdiction of the court on appeal.

Fed.R.Civ.P. A (Supplemental Rules for Admiralty and Maritime Claims) provides that "the general Rules of Civil Procedure for the United States District Courts are also applicable to the [admiralty] proceedings except to the extent that they are inconsistent with these Supplemental Rules." If an admiralty rule permits the exoneration prior to the expiration of the ten day automatic stay then Alyeska's arguments regarding application of Rule 62(a) must fail.

Fed.R.Civ.P. E(5)(c) (Supplemental Rules for Admiralty and Maritime Claims) governs the release of security from the hands of the court. It provides in relevant part that "no property in the custody of the marshal or other officer of the court shall be released without an order of the court; but such order may be entered *as of course* by the clerk ... upon the dismissal or discontinuance of the action...." Fed.R. Civ.P. E(5)(c) (emphasis added). Exoneration of security in the admiralty context is a ministerial act by the clerk of the court as a matter of course upon termination of the action. Since the Rule 62(a) automatic ten-day stay is inconsistent with Rule E(5)(c), Rule 62(a) must give way. Fed.R.Civ.P. A.

When plaintiffs choose to proceed *in rem* they must take the necessary precautions to ensure that jurisdiction of the court is preserved. Plaintiffs always have the option of bringing these actions *in personam* as well as *in rem,* which would foreclose the loss of jurisdiction. Plaintiffs can also ask the trial judge to stay imposition of the judgment until they can move to preserve the jurisdiction of the court. If plaintiffs fail to exercise either of these options, they still have a chance to preserve jurisdiction by posting their own security before the security of the defendant is released. Given these alternatives, plaintiffs are not denied the opportunity to the meaningful exercise of the right to appeal by permitting release of the *res* at any time following termination of the case.

## CONCLUSION

Since exoneration was proper, *The RIO GRANDE* rule does not apply. Since the stipulation for value was the substituted *res* before the court, its exoneration deprives this court of jurisdiction. We therefore dismiss the appeal without considering the merits of the district court's decision. Our decision in no way precludes the litigation of any issues pending before the district court in *Alyeska Pipeline Service Co. v. The*

---

1. "We hold the rule to be that a valid seizure and actual control of the *res* by the marshal gives jurisdiction of the subject matter, and that an accidental or fraudulent or improper removal of it from his custody ... does not destroy jurisdiction. In the present case, the order for restoration was in direct violation of the statute regarding appeals, and did not operate to destroy the jurisdiction of the circuit court." *The RIO GRANDE v. Otis,* 90 U.S. (23 Wall.) 458, 465, 23 L.Ed. 158 (1874).

2. Alyeska also argues that Local Rule 5 was ignored. The same arguments that justify not following Rule 62 also justify not following Rule 5. A separate discussion of Rule 5 has therefore been omitted.

3. "Except as stated herein, no exception shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry." Fed.R.Civ.P. 62(a).

*Vessel BAY RIDGE,* D.C.Civ. No. A81–137 (filed March 24, 1981).

KENNEDY, Circuit Judge, concurring:

I agree the case should be dismissed, but for the reason that the constitutional question it presents is moot, and not, as the majority holds, because the case evaporated when the clerk acted to release the security before the usual ten day period of stay designed to protect the rights of an appellant.

It is not necessary to find an inconsistency between Fed.R.Civ.P. 62(a) and the applicable admiralty rule, Fed.R.Civ.P. E(5)(c). The declaration in E(5)(c) that security shall be released "as of course" does no more than authorize the clerk to release security without a separate order of the court once the dismissal or continuance has become enforceable. The time for enforceability of a judgment, however, should be determined by Rule 62(a), in admiralty cases where security is posted, just as is true in other cases. Rule 62(a) provides for an automatic ten day stay provision, a stay which serves the purpose of protecting the rights of appellants. To interpret the rules consistently in this respect is not only good practice, but also avoids the unfortunate result caused by the court's holding. In future cases, the district court and a court clerk can cause substantial rights of the parties to disappear before there is resort to the appellate system. The suggestion by the majority that the appellant can post a bond when he is the party who seeks security for the ultimate enforcement of his judgment is not a satisfactory answer to the problem the majority's interpretation presents.

The appeal here should be dismissed nevertheless. The parties have advised the court that in *Alyeska Pipeline Service Co. v. The Vessel BAY RIDGE,* D.C.Civ. No. A81–137, there is uncontested jurisdiction to resolve the liability issues that are at the core of this dispute. It is wholly unnecessary, therefore, to reach the constitutional issues presented on this appeal. I would dismiss the appeal as moot.