**TEYSEER CEMENT CO., a corporation; Qatar National Insurance and Reinsurance Co., an insurance corporation, Plaintiffs,**

v.

**HALLA MARITIME CORP., a corporation, Defendant.**

**No. C83–288B.**

United States District Court, W.D. Washington.

March 27, 1984.

Richard A. Nielsen, Jr. of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiffs.

David R. Frankel of Bogle & Gates, Seattle, Wash., for defendant.

## ORDER AFFIRMING DISMISSAL UPON RECONSIDERATION

BEEKS, Senior District Judge.

Plaintiff Teyseer Cement Co. (Teyseer), a resident of Qatar, contracted with defendant Halla Maritime Corp. (Halla), a resident of Korea, for the shipment of a consignment of raw cement from Bukpyung, South Korea to Ummsaid, Qatar on the M/V RHODIAN SAILOR. Halla issued a bill of lading which included a "Jurisdiction" clause wherein the parties agreed to the exclusive utilization of the Korean courts in the event of dispute arising out of said contract. Said clause stated:

> Unless otherwise herein expressly provided, the contract evidenced by this bill of lading shall be construed and governed by Korean law and any dispute arising out of the contract contained in or evidenced by this bill of lading shall be determined in Korea *to the exclusion of the jurisdiction of the courts of any other country.* (Emphasis added).

The bill of lading contained no provision to the contrary.

RHODIAN SAILOR was a Greek vessel under time charter to Halla. The vessel sank at 21 degrees, 30 minutes north latitude and 120 degrees, 25 minutes east longitude, near Taiwan while enroute to Qatar. The cargo of cement became a total loss.

Teyseer and co-plaintiff Qatar Insurance and Reinsurance Corp. (also hereinafter referred to as Teyseer) filed the complaint herein in admiralty on March 4, 1983, to recover for the loss of the cement. Teyseer caused ATLAS CHALLENGER, owned by Halla, to be attached in this district by the U.S. Marshal pursuant to Supplemental Rule B, Fed.R.Civ.P. In order to secure the release of ATLAS CHALLENGER, Halla signed a letter of undertaking which provided that in return for such a release, Halla would agree:

1. To cause an appearance to be filed on behalf of defendant in the action filed in the U.S. District Court, West-

ern District of Washington, at Seattle, without prejudice to any defense or defenses which may be asserted by or on behalf of the said defendant, including, but not limited to defenses based on bill of lading clauses including that denominated "Jurisdiction," improper forum, improper defendant, limitation of liability or others.

2. To pay directly to you the amount of any settlement of said claim or any decree or judgment, on the merits or to enforce another judgment ... which may ultimately, after all appeals, if any, be rendered against the defendant in the suit referred to above.... This letter does not constitute any admission of liability whatsoever by the defendant.

Upon receipt of the undertaking, plaintiffs agreed to release the vessel.

Subsequent to the release, Halla moved to dismiss this action for improper venue. The court found the forum selection clause in the bill of lading enforceable and on December 14, 1983, dismissed the complaint. The court also found that it was without authority to retain jurisdiction over the undertaking for the sole purpose of enforcement of a judgment received in an alternative forum. The security was accordingly ordered released as well.

Teyseer then proceeded to file its action in its home forum of Qatar. It alleges that the Qatari courts will refuse to enforce the jurisdiction clause in the bill of lading and that the action will proceed to judgment there. Teyseer now moves the court to partially reconsider its ruling or dismissal. It asks that the court retain the letter of undertaking within its jurisdiction so that Teyseer may then enforce the judgment it hopes to obtain in Qatar.

Teyseer's arguments in support of its request are threefold: (1) the court does have the authority to retain the undertaking for the future enforcement of a foreign judgment; (2) through the letter of undertaking, Halla agreed to submit to this court's jurisdiction for that purpose; and (3) because Qatar will not enforce the juris-

diction clause and because Halla drafted the bill of lading to favor itself with a home forum advantage, this court should protect Halla from prejudice by allowing the undertaking to stand.

In response, Halla argues: (1) the undertaking is not an agreement for the court to retain security here; instead, it preserves the defenses in the bill of lading and is to stand only if the court so orders; (2) the jurisdiction clause should therefore control; (3) Qatar is not the contractual forum and if the dispute were litigated in Korea, the undertaking would be unnecessary (as Halla has assets there); and (4) the Qatari proceedings are, in any event, irrelevant to this court's determination.

### THE UNDERTAKING

■ Teyseer's contention that in the letter of undertaking, Halla agreed to the remedy now sought by Teyseer is without merit. The undertaking makes an effective reservation of a defense based upon the jurisdiction clause; the effectiveness of the letter as security is contingent upon the court finding said defense to be invalid. The court finds, therefore, that the undertaking can have no bearing on the court's construction of the bill of lading.

### THE JURISDICTION CLAUSE

■ It is apparent that the court does have the authority to retain security brought before the court under Supp. Rule B, Fed.R.Civ.P., for the sole purpose of enforcing a judgment received in a foreign forum. *Polar Shipping, Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627 (9th Cir. 1982) states, at 632 that:

... We find nothing in the *BREMEN* that mandates dismissal of every action brought in a forum other than the one specified in a valid forum selection clause. Nor does the absence of an express provision in either Supplemental Rule B or in any federal statute authorizing the maintenance of an attachment pending a judgment by the selected forum persuade us that the court may not

do so to ensure the availability of security to satisfy a judgment by the selected forum....

It would appear that the court's prior ruling to the contrary is erroneous and is withdrawn.

■ The intent of the parties is the primary consideration of the court in deciding whether to exercise its discretion. A bill of lading is a contract and all of the freedoms and duties attendant to the making of an agreement apply.[1] *M/S BREMEN v. Zapata Offshore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Polar Shipping, supra*, at 632.

In both *BREMEN* and *Polar Shipping* the forum selection clauses provided simply that "disputes" arising should be "treated before" or "decided by" the contractually selected forum. *BREMEN* did not reach the issue of whether an attachment to enforce a foreign judgment could be maintained. *Polar Shipping*, however, recognized that an "attachment does not fit neatly within the word 'dispute,'" and held that the clause in question there did not preclude the maintenance of an attachment. *Polar Shipping*, 680 F.2d, at 632.

■ In this case, however, the parties expanded the scope of the jurisdiction clause by providing that all disputes arising out of the bill of lading shall be determined in Korea *"to the exclusion of the jurisdiction of the courts of any other country,"* and there can be no doubt as to the expressed intentions of the parties. The court finds that jurisdiction in this court with respect to the attachment and undertaking was excluded by the clause; it is not susceptible of any other interpretation.

■ The only manner in which the court could acquire jurisdiction with respect to the undertaking would be to declare the entire jurisdiction clause, as it appears, un-

enforceable. Current authority, however, provides that the clause is prima facie valid and enforceable absent some indication of fraud or overreaching or proof that enforcement would be unreasonable under the circumstances. *The BREMEN*, 407 U.S. at 15, 92 S.Ct. at 1916. There is not the slightest indication of that here. The legitimate expectations of the parties as expressed in the bill of lading must, therefore, be given the effect they deserve.

\*　　\*　　\*　　\*　　\*　　\*

Since the court has held that the jurisdiction clause expressly precluded the attachment of ATLAS CHALLENGER, it need not consider the further arguments of Teyseer and Halla that might weigh for or against the court exercising its discretion. Upon reconsideration, the court's ruling of December 14, 1983 dismissing the attachment and security posted in lieu thereof is affirmed.

1. This court does not favor forum selection clauses, particularly when the forum chosen favors the drafting party. Bills of lading are commonly carrier-drafted documents that leave the shipper little bargaining power. In short, there is very little to distinguish them from a contract of adhesion which gives substantial advantage to the drafting party. Nonetheless, the United States Supreme Court and the Ninth Circuit Court of Appeals have ruled that such clauses are enforceable. The court is bound by this authority and is not at liberty to alter or deny its impact on the action at bar.