884 F.2d 1250
 1989 A.M.C. 2789
 STEVEDORING SERVICES OF AMERICA, a Washington corporation,
Plaintiff-Appellant,
v.
ANCORA TRANSPORT, N.V.; Armilla International, N.V.;
Armilla International (London), Ltd., and Armilla
International (London), Ltd., foreign corporations, each
d.b.a. itself or one of the above-named defendants,
Defendants-Appellees.
 Nos. 87-4129, 87-4195.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 29, 1989.
Decided Sept. 7, 1989.
 
 Gordon T. Carey, Jr., Portland, Or., for plaintiff-appellant.
 Paul N. Wonacott, Wood, Tatum, Mosser, Brooke & Landis, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before FERGUSON, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Stevedoring Services of America (SSA) appeals the district court's release of garnishment of funds held by Sunrise Shipping. The district court found that the garnished funds did not belong to SSA's debtor. We dismiss the appeal as being moot.
 
 I.
 FACTS AND PROCEEDINGS
 
 2
 SSA had a stevedoring contract to unload cargo from the vessel M/V RISAN in San Diego from October 30 to November 4, 1986. An outstanding balance of $59,000 remains on the contract for services and Armilla (Rotterdam) has refused to pay. Appellees contend that SSA's contract was with Ancora Transport, N.V., a Netherlands Antilles corporation, which was RISAN's charterer, with Armilla (Rotterdam) acting as agent. SSA contends that Armilla (Rotterdam) never disclosed that Ancora was the principal, that all its negotiations were with Armilla (Rotterdam), and that it was only after it rendered services that Armilla (Rotterdam) took the position it had acted as a managing agent for Ancora. In fact, SSA alleges that Armilla (Rotterdam) told them that its agent in the U.S. was Armilla (Houston), leading them to believe that Armilla (Rotterdam) was the principal.
 
 
 3
 SSA garnished funds held by Sunrise Shipping, the husbanding agent for the vessel M/V CONTENDER ARGENT, docked at the time at the Port of Vancouver, Washington. The funds represented payment by Armilla (Rotterdam) as agent for Armilla (London). SSA contends, however, that Armilla (London) is not an actual company as it has no offices, no employees, no bank account and no evidence that it exists. However, the appellees claim that Armilla (London) is a legitimate company, that the funds garnished by SSA are not funds of Ancora, and thus, not proper funds to attach for SSA's payment of services for the M/V RISAN.
 
 
 4
 The district court ordered the issuance of a writ of garnishment and a temporary restraining order pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims (Rule B) and issued an order to show cause. After a hearing the district court ruled that SSA failed to show that the funds belonged to its debtor and released the funds. SSA appealed and at the same time, asked the district court to reconsider its ruling pending additional discovery or in the alternative for a stay and posted a stay bond. District Judge Panner stayed the release of attachment pending the return from vacation of Judge Frye who had released the garnished funds. Judge Frye subsequently denied the motion for reconsideration and lifted the stay. This court stayed the matter temporarily pending disposition of SSA's petition for mandamus, then denied the stay and the writ of mandamus and suggested that the appeal was untimely because it was filed before the motion to reconsider. We ultimately decided that SSA's appeal was not untimely, that the motion for reconsideration did not toll the filing time for notice of appeal, and denied appellees' motion to dismiss for lack of jurisdiction without prejudice to renew it in its answering brief on appeal.
 
 
 5
 SSA appealed the district court's ruling and alleged that Armilla (Rotterdam) was liable to SSA as an agent for an undisclosed principal. SSA further contends that the trial court abused its discretion in not allowing further discovery and alleges a due process violation if the appeal is dismissed.
 
 II.
 DISCUSSION
 A. Jurisdiction
 1. Appellate Jurisdiction
 
 6
 First, this court has jurisdiction to determine jurisdiction over the parties or the subject matter of a suit. Ilan-Gat Engineers, Ltd., A.G./ S.A. v. Antigua Intern. Bank, 659 F.2d 234, 239 (D.C.Cir.1981) (citing United States v. United Mine Workers, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947)). Also, we may hear appeals from an order quashing a writ of attachment. Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 688-89, 70 S.Ct. 861, 865-66, 94 L.Ed. 1206 (1950) (order vacating attachment reviewable under collateral order doctrine); Polar Shipping, Ltd. v. Oriental Shipping Corporation, 680 F.2d 627, 630 (9th Cir.1982) (dismissal of action vacating attachment was appealable); Chilean Line Inc. v. United States, 344 F.2d 757, 759 (2nd Cir.1965) (denial of attachment has same effect as vacating of previously granted attachment and is appealable as property may be irrevocably lost by the time the issue is resolved at trial).
 
 
 7
 2. Jurisdiction Over the Parties.
 
 
 8
 SSA began its action against Armilla (Rotterdam) by process of maritime attachment levied against alleged Armilla (Rotterdam) assets that were being held by Sunrise Shipping for servicing the M/V CONTENDER ARGENT. Maritime attachment procedure is governed by Rule B which provides (in part):
 
 
 9
 With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district.... Supplemental process enforcing the court's order may be issued by the clerk upon application without further order of the court.
 
 
 10
 Fed.R.Civ.P.Supp. Rules for Certain Admir. and Maritime Claims Rule B(1) (West 1989). Maritime attachment has two purposes: 1) to obtain jurisdiction of the respondent in personam through his property and 2) to assure satisfaction of any decree in libelant's favor. Polar Shipping Ltd., 680 F.2d at 636-37. Although jurisdiction achieved through maritime attachment is denominated "in personam," it is clear that, absent personal service or an appearance by defendant, the judgment had is in the nature of quasi in rem. Teyseer Cement Co. v. Halla Maritime Corp., 794 F.2d 472, 477 (9th Cir.1986); East Asiatic Co., Ltd. v. Indomar, Ltd., 422 F.Supp. 1335, 1341 (S.D.N.Y.1976). Quasi in rem proceedings are begun by attachment or other seizure of the property when the court has no jurisdiction over the person of the defendant, but has jurisdiction over a thing belonging to him or over a person who is indebted to, or owes a duty to the defendant. Teyseer, 794 F.2d at 477; Belcher Co. of Alabama, Inc. v. M/V Maratha Mariner, 724 F.2d 1161, 1163-64 (5th Cir.1984); East Asiatic Co., Ltd., 422 F.Supp. at 1339.
 
 
 11
 In admiralty, as in civil law, the court's in personam jurisdiction over a defendant depends upon the latter's contacts with the forum and the correct service of process, East Asiatic Co., Ltd., 422 F.Supp. at 1339, and must meet the constitutional requisites of due process. Armada Supply Inc. v. Wright, 858 F.2d 842, 848-49 (2nd Cir.1988). This issue was not dealt with in the district court. The district court only asserted quasi in rem jurisdiction over the defendants through the garnishment of the funds held by Sunrise Shipping.
 
 
 12
 While it is true that SSA was free to assert both quasi in rem and in personam jurisdiction by serving the defendants not in that district but in the state, SSA alleged no facts in its complaint asserting appellees were subject to personal jurisdiction of the court, nor did they properly serve them to obtain personal jurisdiction. SSA says it served appellees by telex as directed by the district court; however, it takes more than telex service to gain personal jurisdiction of appellees. Appellees made a limited appearance in the district court to specifically address the garnishment and "to reserve challenges to jurisdiction later" and so did not waive their right to protest personal jurisdiction. They also alleged no permissive counterclaims which might subject them to the jurisdiction of the court. See Teyseer, 794 F.2d at 478; Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co., 804 F.2d 773, 778-79 (1st Cir.1986). "Even if service is made on an appropriate corporate agent, it is ineffective unless the corporation is subject to suit in the state where service is made." C. Wright, Federal Courts, at 417 (West 1983); see World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
 
 B. Mootness
 
 13
 SSA asks us to reinstate the Rule B writ and allow it to try its claim, however, in quasi in rem jurisdiction, we cannot reattach the res once it is gone. See Swift & Co. Packers, 339 U.S. at 689, 70 S.Ct. at 865; Polar Shipping, 680 F.2d at 637 ("A ship may be here today and gone tomorrow, not to return for an indefinite period, perhaps never."). This is no unfair surprise to SSA. In its motion for reconsideration and to stay the vacation of the attachment in the district court, SSA stated "[a] stay is necessary so the court can preserve its quasi in rem jurisdiction, and so the court of appeals will have jurisdiction of an appeal."
 
 
 14
 Appellees contend that this case is now moot because the attachment was lifted and no basis for jurisdiction over them remains. This argument has merit. "[T]he central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." IBTCWHA, Local Union No. 2702 v. Western Air Lines, Inc., 854 F.2d 1178, 1178 (9th Cir.1988) (injunction to prevent merger moot on appeal when stay was lifted and merger took place) (citation omitted).
 
 
 15
 Under Rule C of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims actions for in rem attachment, where the court has released the vessel or disbursed funds received from sale of the vessel, the appeal was rendered moot. Farwest Steel Corporation v. Barge Sea-Span 241, 769 F.2d 620, 621 (9th Cir.1985) ("Under the prevailing rule, the release or removal of the res from the control of the court will terminate jurisdiction, unless the res is released accidentally, fraudulently, or improperly."); Taylor v. Tracor Marine, Inc., 683 F.2d 1361, 1362 (11th Cir.1982) (where the res is no longer before the court, its in rem jurisdiction is destroyed, and any appeal from its decision is rendered moot) cert. denied, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983); American Bank of Wage Claims v. Registry of Dist. Court of Guam, 431 F.2d 1215, 1218 (9th Cir.1970) (same). The Ninth Circuit has applied this rule to actions under Rule B as well as Rule C. See Teyseer, 794 F.2d at 476. The exception to the rule does not apply here as SSA does not allege that the res was released accidentally, fraudulently or "improperly" in the sense that it was defrauded. "Improper" here does not mean error by the district court. See Alyeska Pipeline Serv. Co. v. Vessel Bay Ridge, 703 F.2d 381, 384 (9th Cir.1983), cert. dismissed, 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984).
 
 
 16
 In Teyseer Cement Co. v. Halla Maritime Corp., 794 F.2d 472 (9th Cir.1986), the plaintiff argued that the action was in personam and the release of the security was irrelevant. Teyseer, 794 F.2d at 476. As here, the jurisdiction in Teyseer was also obtained by a Rule B writ of attachment, and the defendant in that case appeared specially under Rule E of the Supplemental Rules. Id. We held that because the district court had released the res, we could render no relief to the plaintiff if we remanded to the district court because the security had been released. Teyseer had not sought a stay of the order. Because the defendant appeared specially, the court concluded it had no personal jurisdiction of the defendant. The filing of a maritime in personam claim is not the equivalent of personal jurisdiction over the party. "Attachment provides a limited substitute for the [personal jurisdiction over the party] and the release of attached property affects only this [personal] jurisdiction." Id.
 
 
 17
 When the sole basis of jurisdiction over a defendant is quasi in rem, the court derives its jurisdiction over the defendant solely from its authority over the attached property or its substitute security. Once that property or its substitute security is released, the court has no jurisdiction over the defendant.
 
 
 18
 Teyseer, 794 F.2d at 477.
 
 
 19
 SSA claims to have preserved in rem jurisdiction on appeal by complying with the rule announced in Alyeska Pipeline Service Co. v. Vessel Bay Ridge, 703 F.2d 381, 385 (9th Cir.1983), cert. dismissed, 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984), and followed by Teyseer, 794 F.2d at 475, 478. Alyeska stated that:
 
 
 20
 When plaintiffs choose to proceed in rem they must take the necessary precautions to ensure that jurisdiction of the court is preserved. Plaintiffs always have the option of bringing these actions in personam as well as in rem, which would foreclose the loss of jurisdiction. Plaintiffs can also ask the trial judge to stay imposition of the judgment until they can move to preserve the jurisdiction of the court. If plaintiffs fail to exercise either of these options, they still have a chance to preserve jurisdiction by posting their own security before the security of the defendant is released.
 
 
 21
 Alyeska, 703 F.2d at 385 (emphasis added). Teyseer summed this up by stating at the conclusion of the opinion that
 
 
 22
 when, as here, a plaintiff (1) asserts no basis for personal jurisdiction over a defendant other than the defendant's appearance, secured by a Rule B attachment; (2) the district court dismisses the action and releases the security; and (3) the defendant fails to obtain a stay of execution of the judgment or to post a supersedeas bond, the district court has been rendered powerless to impose a judgment in the event of a remand.
 
 
 23
 Teyseer, 794 F.2d at 478. It is the disjunctive language "fails to obtain a stay of execution of the judgment or to post a supersedeas bond" which has caused the confusion for SSA here. SSA cites this rule as giving a plaintiff three "choices" or methods to preserve jurisdiction in an in rem proceeding.
 
 
 24
 First, SSA could move to stay release of the security. Second, SSA could try to establish in personam jurisdiction. Third, SSA could post a "supersedeas" bond, if appropriate.
 
 
 25
 SSA claims that by posting the $10,000 stay bond as ordered by District Judge Panner when he stayed District Judge Frye's vacation of the writ of garnishment and releasing of the funds held by Sunrise Shipping, and that when it obtained a stay in the Ninth Circuit, that it complied with its third choice. Thus, even though there is no "res," SSA contends the case is not moot as jurisdiction has been preserved. Appellant misunderstands the nature of "posting security." The posting of the $10,000 stay bond was only a condition of obtaining the stay. The bond itself does not create jurisdiction and once the stay was vacated, the stay bond is released and of no further force or effect.
 
 
 26
 SSA, noting its confusion, states in a footnote to its citation to Alyeska that:
 
 
 27
 This author and others have tried to determine precisely what this court meant by "post a bond." ... However, how can an in rem plaintiff post a bond if the vessel, or substitute security, is released? Similarly, how can a quasi in rem plaintiff post a bond after the attachment is vacated (other than a stay bond). Even if plaintiff posts a bond, what purpose does it serve? Supersedeas bonds are usually posted by defendants to forestall execution on a judgment pending appeal. See Rule 62(d), FRCP [sic].
 
 
 28
 SSA has seized upon the language in Alyeska as a salve for the vacation of the writ and the release of the res. As unclear as the language is, it is not susceptible to the appellant's interpretation.
 
 
 29
 A supersedeas bond is filed to obtain a stay of execution of the judgment. The effect of failure to file a supersedeas bond is that the execution of the judgment is not stayed pending appeal. See 9 J. Moore's Federal Practice 2d ed. Sec. 207.02 (1987). Under Fed.R.Civ.P. 62(d), when an appeal is taken "the appellant by giving a supersedeas bond may obtain a stay...." The stay issued by the court is only effective when the supersedeas bond is filed and approved by the court, and is only a condition to obtaining the stay.
 
 
 30
 To clarify plaintiff's options in a Rule B case we must look at the origin of the rule in Alyeska. In so far as the language in Alyeska indicates that if plaintiffs failed to exercise either of the in personam or stay options, they still have a chance to preserve jurisdiction by "posting their own security before the security of the defendant is released," it is dictum without authority. Plaintiff, by posting a bond, cannot confer jurisdiction on the court where it does not otherwise exist.
 
 
 31
 Alyeska relied on language in Canal Steel Works, Inc. v. One Drag Line Dredge, 48 F.2d 212 (5th Cir.), cert. denied, 284 U.S. 647, 52 S.Ct. 29, 76 L.Ed. 550 (1931). Alyeska, 703 F.2d at 384. The court in Canal Steel stated the appeal in that case was moot because
 
 
 32
 [a]ppellant appealed, but did not sue out a supersedeas, and gave bond only for costs.... [B]y the failure of the appellant to obtain a supersedeas [stay of execution of the judgment], the seizure was released and there is no subject matter upon which the judgment of this court could operate and give relief to the appellant.
 
 
 33
 Canal Steel, 48 F.2d at 213. The rule in Canal Steel was first adopted by the Ninth Circuit in Martin v. The Bud, 172 F.2d 295, 296 (9th Cir.1949). There, the court stated the case was moot because the res was released and "[n]o supersedeas bond was filed, nor was any stay of execution obtained." Id. SSA failed to obtain a stay and thus the posting of any bond is ineffective to prevent execution of the judgment. The district court is without jurisdiction to provide any relief for SSA as the res involved in the attachment has been released rendering an appeal to this court as moot.
 
 III.
 CONCLUSION
 
 34
 We hold that when a plaintiff asserts quasi in rem jurisdiction over a defendant by virtue of a Rule B attachment, and the plaintiff has failed to obtain a stay of execution of the judgment which includes the condition of posting a supersedeas bond for that stay, once the district court dismisses the action and releases the security, it loses jurisdiction. Any appeal from that dismissal is moot.
 
 
 35
 DISMISSED.