SAMHO COMPANY LTD., a South Korean company, Plaintiff–counter–defendant–Appellee,

Unimak America LLC; et al., Counter–claimants–Appellants,

v.

SORKS–ITURUP, a Russian company, Defendant.

No. 05–36200.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2007 *.

Filed Oct. 25, 2007.

Bruce Michael Hull, Law Offices of Bruce M. Hull, Bellevue, WA, for Plaintiff–counter–defendant–Appellee.

Daniel P. Harris, Esq., Charles P. Moure, Esq., Harris & Moure, PLLC, Seattle, WA, for Counter–claimants–Appellants.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOULD and PAEZ, Circuit Judges, and STROM **, District Judge.

## MEMORANDUM ***

In this appeal of Unimak America, LLC, CMK Vessel Management, LLC, and William Turner (collectively, "Unimak"), we consider the district court's order denying a motion to intervene in a maritime case and the district court's dismissal of the case under Federal Rule of Civil Procedure 41(a)(1). Plaintiff–Appellee Samho Company, LTD. ("Samho"), a South Korean company, sued four Russian defendants for breach of a maritime contract in the United States District Court for the Western District of Washington. The defendants could not be found in the district, so Samho sought a writ of attachment against Unimak based on the allegation that Unimak possessed assets owned by the defendants within the district. Unimak responded with an answer to the writ stating that it did not possess any assets owned by the defendants.

Samho subsequently voluntarily dismissed all of its claims against the defendants pursuant to Federal Rule of Civil Procedure 41(a)(1), but purported to reserve claims against two of the defendants brought under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"). Unimak later filed an answer to the complaint, a motion for summary judgment, and a motion to compel, and asserted counter-claims against Samho. Then Samho voluntarily dismissed its Rule B claims against the two remaining defendants.

Before ruling on Unimak's motion for summary judgment, the district court dismissed the entire action pursuant to Federal Rule of Civil Procedure 41(a)(2). Unimak filed a motion for reconsideration, which the district court granted to permit Unimak to move to intervene in the case. The district court then determined that it lacked jurisdiction to entertain the motion to intervene, denied the motion, and dismissed the action pursuant to Federal Rule of Civil Procedure 41(a)(1). Unimak timely appealed.

When a plaintiff files a notice of dismissal under 41(a)(1), that act itself "closes the file." *Duke Energy Trading and Marketing, LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir.2001). With the filing of the notice, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them," *id.*, aside from orders pertaining to a limited number of "collateral issues" such as criminal contempt charges, costs, attorney's fees, and Rule 11 sanctions,[1] *Cooter and Gell v. Hartmarx Corp.*, 496 U.S. 384, 394, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). However, the 41(a)(1) notice has effect only if filed before the opposing party answers or moves for summary judgment (unless the dismissal is stipulated to by all opposing parties). Fed. R.

---

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Although Unimak's counter claims are substantively the type of complaints that could be raised in a Rule 11 motion, Unimak never filed a Rule 11 motion.

Civ. Pro. 41(a)(1)(i–ii). Otherwise, voluntary dismissal without prejudice must be by court order. Fed. R. Civ. Pro. 41(a)(2).

■ Samho voluntarily dismissed all of their *in personam* claims pursuant to Federal Rule 41(a)(1) before Unimak's answer to the complaint and motion for summary judgment. Accordingly, the district court properly determined that it lacked jurisdiction over those claims. Although Samho tried to preserve its claims against two of the defendants under Rule B, Unimak's claim that it lacked possession, custody, or control over any of the defendant's property was never controverted by Samho. We conclude that in a *quasi in rem* action such as this the dispositive rule is that "the court derives its jurisdiction over the defendant solely from its authority over the attached property or its substitute security." *Teyseer Cement Co. v. Halla Maritime Corp.*, 794 F.2d 472, 477 (9th Cir. 1986). This left the district court with no basis for jurisdiction under Rule B. *See id.* ("Once that property [the garnished asset] is released the court has no jurisdiction over the defendant.").

**AFFIRMED.**

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.